WILLIAM C. TIBBETTS, Trustee,

   *vs.*      } Equity, No. 4065.

MARY E. FISHER, *et al.*

WILL : CONSTRUCTION ; ENFORCEMENT OF CHARGE ON REALTY.

### RESCRIPT.

### *Filed March 27, 1896.*

We are of the opinion that under the will of Ezra J. Cady Ezra J. Cady, Jr., took a vested remainder in the homestead estate, subject to the prior estate given to him and his mother Mary B. Cady, as trustees, for the maintenance of a home for their benefit and the benefit of Abbie S. Cady, during the life of Mary B. Cady ; that on the death of Mary B. Cady, Ezra J. Cady, Jr., having died before her, the homestead estate descended to his heirs at law and did not become a part of the trust estate.

2.—We are of the opinion that the legacies which remain unpaid, if there is no personal estate out of which they can be paid, constitute a charge on the real estate of the testator other than the homestead estate, to wit, the Acid Works estate, and that interest began to run on such legacies from the death of Mary B. Cady.

3.—We are of the opinion that the trustee has no right to sell the real estate charged for the payment of the legacies for such payment. Nor does it appear, from anything stated in the bill, that he has a right to sell such real estate for any other purpose. The proper remedy of the legatees is a bill to enforce the charge. *Mathewson* v. *Arnold*, 12 R. I. 145 ; *Cronan* v. *Holland*, Index RR. 187.

*Wood & Fitch*, for complainant.